# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## ON REHEARING

---

## NO. 03-17-00499-CV

---

**Nicky E. Dyer; Flora Harrell; Edgar Hoagland; Shirley Hoagland; James Langston; James A. Langston, III; Lois Nelson; Brian Rodel; Richard Ward; Edwin A. (Art) Wilson; Montgomery County; and City of Conroe, Appellants**

**v.**

**Texas Commission on Environmental Quality; Bryan W. Shaw, in his official capacity as Chairman of the Texas Commission on Environmental Quality; Buddy Garcia and Carlos Rubinstein, in their official capacities as Commissioners of the Texas Commission on Environmental Quality; and TexCom Gulf Disposal, LLC, Appellees**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT NO. D-1-GN-11-001898, THE HONORABLE TIM SULAK, JUDGE PRESIDING**

---

## D I S S E N T I N G   O P I N I O N

Water is a precious resource. If an entity seeks to dispose of commercial industrial waste by injecting that waste into the ground, there is a detailed permitting process enacted by the Texas Legislature to ensure that this waste does not endanger underground sources of drinking water. *See* Tex. Water Code § 27.051. In this case, two independent ALJs recommended denial of such permit applications after years of review and two evidentiary hearings before SOAH. In granting the permits, the TCEQ essentially disregarded the ALJs' findings without providing any meaningful reasoning for its decision, a decision the trial court affirmed. The

majority upholds the TCEQ's actions only by jettisoning some of the requirements that the TCEQ must follow when changing an ALJ's finding of fact or conclusion of law. *See* Tex. Gov't Code §§ 2001.058(e), 2003.047(m). I dissent because I would conclude that the TCEQ must comply with Section 2001.058(e) of the Texas Government Code, which requires the TCEQ to state both the "specific reason and legal basis" for each of its changes when rejecting an ALJ's PFD. *See id.* § 2001.058(e).

***Texas Government Code Sections 2001.058(e) and 2003.047(m) are not inconsistent***

The majority holds that Sections 2001.058(e) and 2003.047(m) of the Government Code cannot both apply to the TCEQ because the provisions are inconsistent, and that Section 2003.047(m) would be rendered "meaningless" if it cannot remain standing on its own. *Ante* at ___. Nothing in the text of these statutes suggests that each provision cannot be read in conjunction with the other. *See id.* §§ 2001.058(e), 2003.047(m). To the contrary, Section 2003.047(n) specifically states that Chapter 2001 shall apply "to the extent not inconsistent with this section." *Id.* § 2003.047(n). Similarly, Section 361.0832 of the Texas Health and Safety Code states that Section 2001.058(e) applies unless there is a conflict, and if so, Section 361.0832 controls. *See* Tex. Health & Safety Code § 361.0832(g). In other words, the Texas Legislature specifically contemplated the application of both statutes and specified the standard for determining when to apply both. It did not say to apply both statutes so long as doing so would have separate legal significance, or so long as the statutes do not have any overlap or duplication in subject matter. It said to apply both statutes to the extent they are not inconsistent; here the standard for modifying an ALJ's PFD in Chapter 2001 is not inconsistent with Section 2003.047(m) or Section 361.0832. By concluding otherwise, the majority ignores

2

the standards the Legislature specifically instructed should be applied and creates its own, new rule. The TCEQ is required to meet the requirements of both statutes, including the requirement in Section 2001.058(e) to provide in writing the specific reason and legal basis for changes made, and it has not done so.

I also disagree that this construction would render Section 2003.047(m) meaningless. Section 2003.047(m) adds an additional requirement that Section 2001.058(e) does not—that "any [amendment] and order [by the TCEQ] shall be based solely on the record made before the administrative law judge." Tex. Gov't Code § 2003.047(m). It is not unreasonable to assume that the Legislature wanted to impose an additional restriction on the TCEQ's ability to unilaterally change ALJ decisions, which are reached by independent decisionmakers who, like a jury, heard the testimony and could make determinations such as witness credibility that an agency reviewing a cold record cannot. Additionally, if Section 2001.058(e) is not read in conjunction with Section 2003.047(m), and as a result the TCEQ is not required to give specific reasons and legal bases for its changes, it significantly interferes with a reviewing court's ability to determine whether the agency's changes were based *solely* on the record before the ALJ. The record may reveal many things, but it does not reveal the legal and factual analyses the TCEQ utilizes in its decision making.

Finally, while this issue has not been squarely addressed by appellate courts, Texas courts of appeals have previously applied both statutes when reviewing TCEQ decisions modifying an ALJ's decision. *See Wood v. Texas Comm'n on Envtl. Quality*, No. 13-13-00189-CV, 2015 Tex. App. LEXIS 2139, at *30-31 (Tex. App.—Corpus Christi Mar. 5, 2015, no pet.) (mem. op.) (holding that changes to ALJ's findings met requirements of both section 2001.058(e) and section 2003.047(m)); *Travis County v. Texas Comm'n on Envtl. Quality*, No. 07-12-00457-

3

CV, 2014 Tex. App. LEXIS 4624, at *24-26 (Tex. App.—Amarillo Apr. 29, 2014, pet. denied) (mem. op.) (acknowledging applicability of both section 2001.058(e) and section 2003.047(m) to modification of solid-waste-disposal permit).

### *Even the requirements of Section 2003.047(m) have not been met*

Even if Section 2003.047(m) solely applies to the TCEQ's amendments to the ALJ's findings, I would still conclude that the TCEQ has not provided "an explanation of the basis of the amendment" as required by the statute. The "explanation" provided by the TCEQ as to why numerous findings and conclusions should be reversed provides no rationale to support changing very specific findings of fact and conclusions of law. Instead, it merely makes sweeping assumptions about the likelihood of groundwater contamination. For example, the TCEQ's explanation states that "no adverse health or welfare effects will result from the injection of commercial non-hazardous waste into TexCom's injection wells" without explaining how any specific portion of the record supports that conclusion. While the TCEQ may give us a justification for its change, i.e., changing the permit approval because the TCEQ believes that "no adverse health or welfare effects will occur," it never provides any explanation as to "why" it disagrees with the ALJs' finding to the contrary, such as "the ALJ ignored the testimony of witness X regarding migration," etc. Before the TCEQ can make such drastic changes, which may affect our underground sources of drinking water, the State of Texas deserves the explanation required by law.

For the above reasons, I dissent from the majority's decision affirming the trial court's judgment.

4

_____

Chari L. Kelly, Justice

Before Chief Justice Rose, Justices Goodwin and Kelly

Filed:   October 11, 2019